**NOT FOR PUBLICATION**

```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN
```

|  |  |
|---|---|
| BANK OF NOVA SCOTIA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM HURST, and BRENDA HURST, )<br>)<br>Defendants. )<br>_____ ) | Civil No. 2006-196 |

ATTORNEYS:

**Matthew J. Duensing, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff,,*

**A. Jennings Stone, Esq.**
St. Thomas, U.S.V.I.
    *For defendant William Hurst,*

**Brenda Hurst,**
21 Estate Pearl, St. Thomas, U.S.V.I.
    *Pro se defendant.*

## ORDER

**GÓMEZ, C.J.**

The Bank of Nova Scotia ("BNS"), commenced this debt and foreclosure action on November 2, 2006, against Brenda Hurst ("Hurst"), among other defendants. The record reflects proof of service of BNS's complaint and summons on Hurst. Hurst has not filed an answer to BNS's complaint.

*The Bank of Nova Scotia v. Hurst, et al.*
Civil No. 2006-196
Order
Page 2

BNS filed a request for entry of default on its complaint against Hurst, pursuant to Federal Rule of Civil Procedure 55(a) ("Rule 55(a)").[1] In August, 2007, the Clerk of the Court entered default against Hurst.

Now, BNS moves for default judgment against Hurst pursuant to Federal Rule of Civil Procedure 55(b)(2) ("Rule 55(b)(2)").

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). The rule further provides "no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein." Fed. R. Civ. P. 55(b)(2); *Murphy v. C.W.*, 158 Fed. Appx. 393, 396 (3d Cir. Jan. 5, 2006) (unpublished). Additionally, the plaintiff must file an affidavit "stating whether or not the defendant is in military service and showing

---

[1] That rule provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

*The Bank of Nova Scotia v. Hurst, et al.*
Civil No. 2006-196
Order
Page 3

necessary facts to support the affidavit . . . ." 50 App. U.S.C. § 521(b)(1) (the "Servicemembers Civil Relief Act"). The entry of a default judgment is largely a matter of judicial discretion, although the United States Court of Appeals for the Third Circuit has emphasized that such "discretion is not without limits, however, and we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).

Here, BNS has provided proof that Hurst is not serving in the military. However, BNS has not submitted, nor does the record contain, any affidavits or evidence of any kind to show that Hurst is not an infant or incompetent. BNS has failed to comply with the requirements of Rule 55(b)(2). *See*, *e.g.*, *Bank of Nova Scotia v. Brown,* 2008 U.S. Dist. LEXIS 32777 at *3-4 (D.V.I. 2008) (holding that the plaintiff was not entitled to default judgement against the defendant because, *inter alia,* the plaintiff had not complied with the requirements of Rule 55(b)(2)); *Ross v. Baker*, 2006 U.S. Dist. LEXIS 77216 at *4 (W.D. Mich. Oct. 23, 2006) (denying a default judgment motion where the "[p]laintiffs have not tendered an affidavit stating . . . that the defendant is not an infant or incompetent person") (unpublished).

Accordingly, it is hereby

*The Bank of Nova Scotia v. Hurst, et al.*
Civil No. 2006-196
Order
Page 4

    **ORDERED** that BNS's motion for default judgment is **DENIED** without prejudice.


                                               S\_____
                                              **CURTIS V. GÓMEZ**
                                                  **Chief Judge**